IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THAR PROCESS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 20-945 |
| ) | |
| SOUND WELLNESS, LLC, ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| PLANT SCIENCE LABORATORIES, LLC. ) | |
| and MICHAEL BARNHART, ) | |
| ) | |
| Third Party Defendants. ) | |

# OPINION

In this commercial dispute, Plaintiff Thar Process, Inc. (Thar) alleges that Defendant Sound Wellness, LLC (Sound Wellness) breached a contract between the parties and was thereby unjustly enriched. Compl. ECF No. 1-1.[1] Sound Wellness, in turn, counterclaims that Thar breached the contract and committed fraud. Am. Counterclaims, ECF No. 23. Sound Wellness also filed a Third-Party Complaint alleging that Third-Party Defendant Plant Science Laboratories, LLC (Plant Science) breached a contract between the parties, and that both Plant Science and its President and owner, Third-Party Defendant Michael Barnhart, committed fraud against Sound Wellness. Am. Third-Party Compl. ECF No. 40. Presently before the Court is the Third-Party Defendants' Motion to Dismiss the Amended Third-Party Complaint and/or Transfer This Action to the Western District of New York. ECF No. 43. The Third-Party Defendants argue that Sound Wellness's Amended Third-Party Complaint should be dismissed due to lack of

---

[1] Thar commenced this action on May 20, 2020, by filing a Complaint in the Court of Common Pleas of Allegheny Count. ECF No. 1-1. On June 25, 2020, Sound Wellness removed the action to this court based on diversity jurisdiction. ECF No. 1.

jurisdiction. In the alterative, they move to have the Third-Party action transferred to New York. Failing either such outcome, they move to dismiss the Third-Party claims for failure to state a claim. Thar has also filed a Motion to Dismiss Sound Wellness's Counterclaims for failure to state a claim. ECF No.27. As regards venue, the Third-Party Defendants do not have standing to object to venue as improper under 28 U.S.C. § 1406(a). However, the forum selection clause within the contract between Sound Wellness and Plant Science supports transfer of the Third-Party Complaint to New York pursuant to 28 U.S.C. § 1404(a). Further, this Court lacks personal jurisdiction over the individual Third-Party Defendant Michael Barnhart; however, he is subject to personal jurisdiction in New York. Finally, the interests of justice support transfer of Thar's Complaint and Sound Wellness's Counterclaim to New York. As a result, this entire action will be transferred to the Western District of New York.

## I. Background

Thar, a Pennsylvania Corporation with offices in Pittsburgh, provides "toll processing" services for hemp biomass.[2] ECF No. 1-1, at ¶¶ 1, 6, 8. Sound Wellness is a New York limited liability company with offices located in Boca Raton, Florida. Id. ¶ 2; ECF No. 40, at ¶ 6. Sound Wellness's sole member is Jushi Inc, a Delaware business corporation with a principal place of business located in Boca Raton, Florida. ECF No. 40, at ¶ 6. Plant Science is a New York limited liability company with offices located in Buffalo, New York. Id. ¶ 10. Michael Barnhart is an adult individual located in Buffalo, New York. ECF No. 40, at ¶ 9.

Sound Wellness entered negotiations with Plant Science in order to obtain oil extracted from hemp from Plant Science, a New York-based processor. At the start of negotiations, Plant

---

[2] Throughout the pleadings the parties refer to the product to be processed as hemp, hemp biomass, and the "Biomass." Whenever the Court refers to such designations, it is also referring to the product intended to be processed into the final CDB oil or related oil to be provided to Sound Wellness.

Science represented to Sound Wellness that the only way Plant Science would be able to process hemp in New York was by having Pittsburgh-based Thar transport and install necessary processing equipment at Plant Science's New York facility. Sound Wellness and Plant Science eventually entered into a January 9, 2019 contract, in which Plant Science agreed to provide hemp biomass extraction services in New York using Thar installed equipment, and thereafter deliver the final products to Sound Wellness. "Agreement for the Purchase of Agricultural Products and Performance of Related Services," Jan. 9, 2019, attached as Ex. C. to Am. Third-Party Compl., ECF No. 40-3 (Sound Wellness-Plant Science Agreement). The Sound Wellness-Plant Science Agreement contains a forum selection clause designating venue in New York with New York law to apply to any dispute. ECF No. 40-3, at ¶ 28.

Due to problems with processing the hemp in New York, a decision was made that the hemp be moved to Pittsburgh for processing by Thar. To this end, Sound Wellness and Thar entered into a March 4, 2019 contract, wherein Thar agreed to process hemp biomass into THC-free CBD oil and other THC-free hemp-based products and to provide such products to Sound Wellness.[3] "Toll Processing Agreement," Mar. 4, 2019, attached as Ex. A. to the Compl. (ECF No. 1-1, at 13-24) and as Ex E to Third Am. Compl. (ECF No. 40-5) (Sound Wellness-Thar Agreement). The Sound Wellness-Thar Agreement does not have a forum selection clause, but it does provide that Pennsylvania law shall apply to disputes. ECF No. 40-5, at ¶ 21.

---

[3] In the Amended Third-Party Complaint, Sound Wellness appears to allege that the Toll Processing Agreement was originally presented to Sound Wellness as a requirement, "because the Biomass would be processed on the Thar Equipment, even if located at the [Plant Science] Facility." ECF No. 40, ¶ 94. The relevant allegation for purposes of the present Motions, however, is Sound Wellness's decision to enter into the Toll Processing Agreement because the parties decided to send the hemp to Thar in Pittsburgh.

Sound Wellness also entered two related contracts with two New York state growers of hemp, Be Well NY LLC (Be Well)[4] and Donald Spoth Farm (Spoth Farm)[5]. Pursuant to the agreements, Be Well and Spoth Farm were to sell hemp to Sound Wellness for processing by Plant Science. Finally, tangentially relevant to this dispute is a negotiated, but unsigned, contract between Sound Wellness and Plant Science, the "Biomass Transport Agreement," which specifies the details for Plant Science to transport Sound Wellness's hemp to Thar in Pittsburgh for processing. Ex. B to ECF No. 44-2; ECF No. 40 ¶¶ 121-25. The Biomass Transport Agreement provides that the governing law and venue is New York. ECF No. 44-2, ¶ 15.

**II.     Discussion**

The United States Supreme Court recognizes that the "question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979) (citing C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3801, pp. 5–6 (1976)). In the same case, however, the Supreme Court stated that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue." Id. With respect to a question of whether venue is improper under section 1406(a), the Supreme Court has held that it is not necessary that a court have personal jurisdiction over a defendant before addressing

---

[4] "Binding Memorandum of Understanding," Nov. 28, 2018, attached as Ex. A to Am. Third-Party Compl., ECF No. 40-1 (the "Be Well Agreement"). In the event of a dispute, the Be Well- Agreement provides for arbitration to be held in New York and governed by New York law. ECF No. 40-1, ¶ 7c.

[5] "Agreement for the Purchase of Agricultural Products", Jan. 17, 2019, attached as Ex. D to Am. Third-Party Compl., ECF No. 40-4 (the "Spoth Agreement"). The Spoth Agreement provides that New York law shall apply to disputes and designates venue in New York. ECF No. 40-4 at 14, Ex. A. ¶ 27. It is noted that Plant Science is a party to the Spoth Agreement as a partner with Spoth Farm in providing hemp to Sound Wellness. This fact is not relevant to the Motions before the Court.

the venue question.  Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962).  Relying on the rationale in Goldlawr, the Third Circuit concluded that "§ 1404(a) clearly authorizes the transfer of [a] civil action", even "in the absence of jurisdiction over the person of the defendant."  United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964) (finding the Supreme Court's Goldlawr rationale permitting transfer under section 1406(a), equally applicable to section 1404(a)).

In light of the above precedent, rather than conduct a full-blown personal jurisdictional analysis, the Court assumes that Plant Science's entry into Pennsylvania with Sound Wellness's hemp, specifically targeted for processing in Pittsburgh in order to fulfill a contractual obligation, is sufficient to establish personal jurisdiction.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 n. 18 (1985) (a single contact with forum state can support jurisdiction, "so long as it creates a 'substantial connection' with the forum"); JDTech Industries v. Mortech Manufacturing Company, Inc., 2018 WL 5300400 (W. D. Pa. Sept. 27, 2018) (defendant shipped, or directed, its merchandise into Pennsylvania); Sunn Classic Pictures, Inc. v. Budco Inc., 481 F.Supp. 382 (E.D.Pa.1979) (jurisdiction properly asserted over third party defendant who knowingly sent three film prints which proved to be defective into Pennsylvania).

As to Mr. Barnhart, all of his alleged actions were taken in his corporate capacity as President and representative of Plant Science.  The "corporate shield" doctrine protects him from Pennsylvania personal jurisdiction as to his acts in Pennsylvania, unless he "was personally involved in the corporation's tortious conduct."  PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co., No. 2:15-CV-00965, 2020 WL 1526940, at *5 (W. D. Pa. Mar. 31, 2020);[6] see also D & S

---

[6] The District Court in PPG Indus. referring to "corporate shield" doctrine, noted that the Third Circuit "has never expressly adopted the "corporate shield" doctrine," but the Third Circuit did discuss the doctrine in Cerciello v. Canale, 563 F. App'x 924, 927–28 (3d Cir. 2014).  PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co., No. 2:15-CV-00965, 2020 WL 1526940, at *5 (W. D. Pa. Mar. 31, 2020).

Screen Fund II v. Ferrari, 174 F. Supp. 2d 343, 347 (E.D. Pa. 2001).  A court may deny the protection of the corporate shield only if the "corporate officer engages in tortious conduct in his/her corporate capacity *in the forum*."  Nat'l Precast Crypt Co. v. Dy-Core of Pennsylvania, Inc., 785 F. Supp. 1186, 1191 (W.D. Pa. 1992) (emphasis added) (further stating that "courts will consider this conduct as *contact with the forum* sufficient to support a finding of personal jurisdiction over the officer in his/her individual capacity").  Here, Sound Wellness alleges that Mr. Barnhart personally participated in the alleged fraudulent tortious conduct.  However, there are no allegations that Mr. Barnhart engaged in tortious conduct *in* Pennsylvania or *directed at* Pennsylvania.  As such, this Court may not exercise personal jurisdiction over Mr. Barnhart in his individual capacity.

    **A. Venue**

As stated, the Court assumes that Plant Science's transport of Sound Wellness's hemp into Pennsylvania, for processing is sufficient to establish personal jurisdiction over Plant Science.  With respect to venue, Plant Science first argues that venue in the Western District of Pennsylvania is improper pursuant to 28 U.S.C. § 1406, and that the Court should either dismiss the case or transfer it to the Western District of New York pursuant to section 1406(a).  Section 1406(a) provides that where the case is filed in the wrong venue, the District Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In the alternative, Plant Science argues that the action should be transferred pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought.

28 U.S.C. § 1404(a).

### 1    Third-Party Defendant's Ability to Challenge Venue

A threshold question is whether a third-party defendant has standing to challenge venue as improper under section 1406(a). The relevant authority indicates it does not. Plant Science concedes that "generally" third-party defendants "do not have standing to object to venue if venue for the original action is not challenged." Third-Party Defts.' Br. 10. Plant Science claims there is an exception to this rule "where there are forum selection clauses governing the proper venue for disputes among the parties." Id. (citing Days Inn Worldwide, Inc. v. Swami, Inc., No. CIV.A. 06-4669 (JLL), 2008 WL 4950071, at *2 (D.N.J. Nov. 18, 2008). There is no exception to the rule.

In an action involving a third-party complaint, when the original defendant has waived its right to challenge venue, regardless of whether venue was proper or improper at the time the action was filed, an independent basis for venue over the ancillary action between the third-party plaintiff and defendant is not required. Berkey v. Rockwell Spring & Axle Co., 162 F. Supp. 493, 494 (W. D. Pa. 1958). Venue statutes are concerned with institution of the original action; they do not concern third-party claims. St. Hilaire v. Shapiro, 407 F. Supp. 1029, 1031 (E.D. N.Y. 1976) (citing Moore's Federal Practice, Vol. 1, Para 0.140(6), p. 1331); Seafood Imports, Inc. v. A. J. Cunningham Packing Corp., 405 F. Supp. 5, 8 (S.D.N.Y. 1975) (same). "Section 1406(a) deals with dismissal or transfer of a case when venue was improper at the time the case was initiated, that is *before* the Third-Party Defendant became involved." Daily Exp., Inc. v. N. Neck Transfer Corp., 483 F. Supp. 916, 917 (M.D. Pa. 1979) (emphasis added). Accordingly, "third-party defendants have no standing to raise a defense that venue is improper." One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp., 312 F. Supp. 2d 824, 828–29 (E.D. Va. 2004). The rationale underlying denying a third-party defendant the right to challenge venue is persuasive.

If objection to venue "has been waived by the Defendant, to allow a Third-Party Defendant to make the objection might lead to collusive efforts on the part of a Defendant to get a Third-Party Defendant into the action primarily for the purpose of moving for dismissal or change of venue. It would also prejudice the right of the Plaintiff to have a timely objection to the propriety of venue, or none at all." Daily Exp., 483 F. Supp. at 918.  Accordingly, the Court finds that Plant Science lacks standing to challenge venue as improper under section 1406(a).

### 2. Permissive Transfer of Venue under Section 1404(a)

In resolving the question of transfer pursuant to section 1404(a), *when a forum selection clause is not at issue*, a court must consider, "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995).  In such case, "[t]he defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to another district." United States v. T.F.H. Publications, Inc., No. 2:10CV437, 2010 WL 4181151, at *2 (W. D. Pa. Oct. 20, 2010) (citing Jumara, 55 F.3d at 879).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 63 (2013).  "[T]he party defying the forum-selection clause [] bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id.

### a. Transfer is Required Based on the Forum Selection Clause

Plant Science requests that the Court transfer "this action to the United States District Court for the Western District of New York" pursuant to its agreement with Sound Wellness.

ECF No. 42-1 at (b).  The Sound Wellness-Plant Science Agreement contains the following relevant forum selection clause:

> 28. <u>Governing Law: Venue</u>. ANY LEGAL SUIT, ACTION OR PROCEEDING BETWEEN THE PARTIES RELATING TO THE AGREEMENT AND ARISING OUT OF OR BASED UPON THE AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED THEREBY, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO ANY CONFLICT OF LAWS PROVISIONS, AND MUST BE VENUED IN THE NEW YORK STATE SUPREME COURT, ERIE COUNTY, AND EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF THE NEW YORK STATE SUPREME COURT VENUED IN ERIE COUNTY IN ANY SUCH SUIT, ACTION OR PROCEEDING. ANY SUCH SUIT, ACTION OR PROCEEDING FOR WHICH ACCESS TO THE FEDERAL COURTS OF THE UNITED STATES IS AVAILABLE SHALL BE VENUED IN THE WESTERN DISTRICT OF NEW YORK. THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION TO THE LAYING OF VENUE OF ANY SUIT, ACTION OR ANY PROCEEDING IN SUCH COURTS AND IRREVOCABLY WAIVE AND AGREE NOT TO PLEAD OR CLAIM IN ANY SUCH COURT AS HEREIN PROVIDED AND THAT ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

ECF NO. 40-3 at ¶ 28.  Sound Wellness does not challenge the validity of the forum selection clause, and the Court likewise finds that it is valid and enforceable.  The Supreme Court instructs that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  <u>Id.</u> at 63 (quoting <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).  A Court should honor the parties' contractually selected forum, except for "extraordinary circumstances unrelated to the convenience of the parties."  <u>Id.</u> at 62.  Thus, the litigation between Sound Wellness and Plant Science should be transferred to New York unless the Court finds extraordinary circumstances.  Sound Wellness "must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." <u>Id.</u> at 64.  In considering argument against transfer, the court "should not consider arguments about the parties' private interests," and "must deem the private-interest factors to weigh entirely in favor of the preselected forum."  <u>Id.</u>  Therefore, "a district court may consider arguments about public-interest factors only."  <u>Id.</u>

Based on the underlying facts and the Sound Wellness-Plant Science Agreement, the Court can discern no extraordinary or unusual reason why the forum selection clause should not be enforced. The Court concludes that no public factor or combination of factors renders this case extraordinary, therefore the forum selection clause contained in the Sound Wellness-Plant Science Agreement requires that the Third-Party Complaint be transferred to the Western District of New York. Accordingly, the Third-Party Defendants' motion to transfer the Third-Party Complaint to New York will be granted.

### b. Severance Versus Transfer of the Entire Litigation

The next issue before the Court is whether the Third-Party Complaint should be severed from the original action, such that only the Third-Party Complaint would be transferred to New York. Thar argues that the Court should sever the Third-Party Complaint from Thar's Complaint and retain Thar's lawsuit against Sound Wellness. The Third-Party Defendants argue that the entire litigation should be transferred to New York. They argue that New York is the forum where the operative facts occurred. In addition, although the Thar-Sound Wellness Agreement does not designate a venue for disputes, all other relevant agreements provide for venue in New York. Sound Wellness also argues against severance. Sound Wellness explains that the third-party issues are "deeply intertwined with those in the original action brought by Thar." Sound Wellness Br. 17. Moreover, Sound Wellness cites the risk of inconsistent results and the possibility that "Sound Wellness could find itself effectively put out of court." Id. Sound Wellness therefore argues that, whether venue is in Pennsylvania or New York, the entire litigation should proceed in a single venue.

As regards a section 1404(a) analysis for venue concerning Thar's Complaint and Sound Wellness's Counterclaim, the Supreme Court explains "that section 1404(a) was intended to vest

district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Jumara, 55 F.3d at 883 (citing Stewart, 487 U.S. at 30-31). In exercising the court's discretion, the court also considers the non-exhaustive[7] private and public factors enumerated by the United States Court of Appeals for the Third Circuit in Jumara.

Initially, there is no dispute that this action "might have been brought" in the Western District of New York. 28 U.S.C. § 1404(a). The private factors identified by the Third Circuit include the parties' preferences; where the claims arose; the convenience of the parties; the convenience of the witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and the location of books and records, "similarly limited to the extent that the files could not be produced in the alternative forum." Jumara, 55 F.3d at 879. The public factors include the enforceability of the judgment; practical considerations that could make the trial easier, more expeditious, or less expensive; relative administrative difficulties pertaining to court congestion; "the local interest in deciding local controversies at home"; the public policies of the fora; and the familiarity of the trial judge with applicable state law in diversity cases. Id. After careful consideration of the Jumara factors in relation to the present case, the Court concludes that severance is not warranted, and that Thar's Complaint and Sound Wellness's Counterclaim should be transferred to the Western District of New York, along with Sound Wellness's Third-Party Complaint.

---

[7] In Jumara, the Court specifically stated that "there is no definitive formula or list of the factors to consider." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citing 1A PT. 2 JAMES W. MOORE & BRETT A. RINGLE, FEDERAL PRACTICE ¶ 0.345[5], at 4363 (2d ed. 1995)).

11

Considering the parties' preferences, this factor favors Pittsburgh-based Thar's and Sound Wellness's original preference to have the disputes litigated in this district. "Ordinarily, in a § 1404(a) analysis, the plaintiff's choice of forum is afforded substantial weight". Jumara, 55 F.3d at 879. However, while expressing a preference for this District, Sound Wellness also expresses a strong preference that the litigation proceed as a package, no matter where it is litigated. Given that New York is the only available venue for litigating all claims among all parties in a single proceeding, Sound Wellness's original preference for this District is muted. In addition, a plaintiff's choice of forum is "given less weight when fewer of the operative facts took place in that forum, and the defendant indicates a strong preference for another district." United States v. Ohio Art Co., No. 10–0230, 2010 WL 3155160, at *2 (W. D. Pa. July 30, 2010). Here, Plant Science and Mr. Barnhart have stated a strong preference that this case be transferred to New York. Indeed, Plant Science argues that the forum-selection clause in its contract with Sound Wellness dictates transfer to New York. And, since this Court lacks personal jurisdiction over the individual defendant Mr. Barnhart, New York is the only forum where the claim against him can proceed. Furthermore, it is clear to the Court that fewer of the operative facts took place in Pennsylvania, while the more significant and extensive activities occurred in New York.

The litigation among all the parties is, as Sound Wellness describes it, "deeply intertwined," favoring that this litigation be transferred as a whole to New York. Significantly, the pleadings presented to the Court indicate that nearly all of the operative facts took place in New York. As described above, the initial negotiations between Plant Science and Sound Wellness began with Plant Science referencing its association with Thar. A specific component of the agreement was that the hemp would be processed in New York on Thar-provided equipment. Thus, prior to Thar and Sound Wellness entering into their contract, all litigants,

operating together, contemplated that all contractual acts were to occur in New York.  Moreover, the Thar-Sound Wellness Agreement is directly connected to the events of the Sound Wellness-Plant Science Agreement.  In fact, Plant Science's difficulties in fulfilling its contractual obligations to process hemp in New York arose, in part, because of problems with installation of Thar's equipment in New York.  While the transport of hemp from New York into and then out of Pennsylvania may support venue in this forum, such activity is overshadowed in a section 1404(a) analysis where nearly every other operative fact arose in New York.  The pleadings demonstrate that the relevant operative acts central to this actionand the claims herein arose in New York.  While there are connections to this district, consideration of where the operative facts arose, strongly favors transfer to the Western District of New York.

      None of the remaining private and public factors, either alone or in combination sufficiently weigh in favor of either forum.  While it may be marginally more convenient to Thar for this action to remain in Pittsburgh, this factor does not heavily weigh in favor of Pittsburgh.  The geographic distance between the two fora is not burdensome. In fact, the two federal districts adjoin one another. Litigating the Complaint and Counterclaims in Pennsylvania but transferring the Amended Third-Party Complaint to New York makes little sense, given that both actions will involve the same witnesses and much of the same evidence, all concerning the same series of events.  In addition, Sound Wellness's legitimate concern that inconsistent results might occur through two forums, is resolved by complete case transfer.  Finally, the Court discerns no prejudice to Thar with full transfer to the Western District of New York.

      Based on the foregoing, the Court finds that the convenience of the parties and the interests of justice would be best served by transferring Thar's Complaint and Sound Wellness's

Counterclaim to New York along with the Third-Party Complaint. Accordingly, this entire action shall be transferred to the Western District of New York, forthwith.

### III. Conclusion

The Court finds that a third-party defendant cannot challenge venue as improper. However, the Court concludes that the Amended Third-Party Complaint must be transferred to the Western District of New York based on the existence of a valid forum selection clause in the contract between Sound Wellness and Plant Science. Finally, the Court finds the interests of justice favor transferring Thar's Complaint and Sound Wellness's Counterclaim to the Western District of New York along with the Third-Party Complaint, and thus this action shall be transferred. Having determined that this matter will be transferred to New York, the parties' motions to dismiss for failure to state a claim will be denied without prejudice to refiling in the New York Court.

An appropriate Order shall be entered.

IT IS SO ORDERED.

Dated: <u>March 23, 2021</u>

                                            Marilyn J. Horan
                                            United States District Court Judge